IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOISES Z.Z.,<br><br>Petitioner,<br><br>vs.<br><br>ON HABEAS CORPUS,<br><br>Respondent. | Civil No. 1:26-cv-05908-MWJS<br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>A# 221-486-325 |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Moises Z.Z.[1] is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1.

Petitioner entered the country without inspection more than twelve years ago. *Moises Z.Z. v. Warden, Cal. City Immigr. Processing Ctr.*, Nos. 1:26-cv-04598-MWJS & 1:26-cv-04666-MWJS, 2026 WL 1803604, at *1 (E.D. Cal. June 23, 2026). He has been detained by immigration authorities since January 21, 2026. Dkt. No. 1, at pg. 1.

Petitioner previously filed a habeas petition arguing that he was entitled to a bond hearing under 8 U.S.C. § 1226(a). *Moises Z.Z.*, 2026 WL 1803604, at *1. The court

---

1 For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

granted the petition in part, and Petitioner received a bond hearing on June 30, 2026. *See* Status Report, *Moises Z.Z.*, Nos. 1:26-cv-04598-MWJS & 1:26-cv-04666-MWJS (E.D. Cal. July 5, 2026), Dkt. No. 11. At the conclusion of that hearing, an immigration judge denied Petitioner's request for a change in custody status. *Id.*

On July 2, 2026, Petitioner signed a habeas petition that the court denied without prejudice on July 14, 2026. *Z.Z. v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-cv-05255-MWJS, 2026 WL 2045029 (E.D. Cal. July 14, 2026).

The court received Petitioner's current petition on July 28, 2026. Dkt. No. 1, at pg. 1. In this petition, Petitioner argues both that his continued detention "has become prolonged and is no longer presumptively reasonable," and that he has exhausted his administrative remedies by appealing his bond decision to the Board of Immigration Appeals on July 23, 2026. *Id.* at pgs. 1, 13–19. Nothing in the current record suggests that the BIA has decided Petitioner's appeal.

Regarding any claims based on the duration of Petitioner's current detention, as the court has already concluded, Petitioner is detained pursuant to 8 U.S.C. § 1226(a). *Moises Z.Z.*, 2026 WL 1803604, at *1. Section 1226(a) authorizes the government to detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Although 8 U.S.C. § 1226(a) does not include a limitation on the duration of such detention, it cannot be indefinite. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008). Relying on the Supreme Court's decision in

*Zadvydas v. Davis*, 533 U.S. 703 (2001), the Ninth Circuit has concluded that the government's detention authority under 8 U.S.C. § 1226(a) is "limited to the period reasonably necessary to bring about an alien's removal from the United States." *Prieto-Romero*, 534 F.3d at 1063 (citation modified). In *Zadvydas*, the Supreme Court also stated that a six-month period of detention is presumptively reasonable. 533 U.S. at 701.

Here, although the presumptively reasonable, six-month period of detention has ended, Petitioner has not provided good reason to believe that his current of detention is not reasonably necessary to bring about his removal. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1065 (9th Cir. 2008) (concluding that detention spanning more than three years, "while lengthy, [was] not indefinite"). Thus, habeas relief is not warranted currently.

In addition, to the extent Petitioner seeks to challenge the immigration judge's bond decision, he has not exhausted his administrative remedies. Before a district court may reach the merits of a habeas petition challenging immigration detention, it must consider whether the petitioner has exhausted available administrative remedies. *See Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzalez*, 548 U.S. 20 (2006). Where a petitioner has failed to do so, a court "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)).

Exhaustion in this context is prudential rather than jurisdictional. Accordingly, the court must determine whether exhaustion here should be excused. That determination turns on the three considerations identified in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007): (1) whether agency expertise is "necessary to generate a proper record and reach a proper decision"; (2) whether relaxing the requirement would invite "deliberate bypass of the administrative scheme"; and (3) whether "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Hernandez*, 872 F.3d at 988.

Regarding the first factor, where, as here, a petitioner has already received a bond hearing and the administrative remedy remaining is a BIA appeal, agency expertise is not strictly necessary to generate a further record for decision. *See Okoth v. Kaiser*, No. 1:25-cv-01936-KES-SAB, 2026 WL 45199, at *3 (E.D. Cal. Jan. 7, 2026); *Kithima v. Albarran*, No. 1:26-cv-1659-DJC-JDP, 2026 WL 1078236, at *2 (E.D. Cal. Apr. 21, 2026). The first *Puga* factor therefore weighs against requiring exhaustion.

The second and third factors, however, weigh strongly in favor of requiring it. Section 1226(a) and its implementing regulations establish a comprehensive process for custody determinations, including the right to a bond hearing before an immigration judge and appellate review by the BIA. *See* 8 C.F.R. §§ 1003.19, 1236.1(d). The Ninth Circuit has held that these procedures are facially constitutional. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022). Here, Petitioner participated in the bond

hearing process and received an adverse ruling. Although he has appealed the immigration judge's decision, nothing in the current record suggests that the BIA has decided that appeal. On the second factor, therefore, granting federal habeas relief under these circumstances would permit Petitioner to bypass the appellate tier of the administrative scheme. And allowing Petitioner to do so here would invite other detainees to do the same. *See Kithima*, 2026 WL 1078236, at *2–3; *see also Martinez v. Scott*, No. 2:25-cv-1538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025).

On the third factor, the BIA has authority to review the immigration judge's bond determination, including its factual findings and application of the applicable legal standards. *See* 8 C.F.R. § 1003.1(d)(3)(i)–(ii). If Petitioner prevails on appeal, this litigation will be unnecessary. In addition, after the BIA issues its decision, a more fully developed record will be available to support any judicial review that follows. *Kithima*, 2026 WL 1078236, at *3. The second and third *Puga* factors therefore favor requiring exhaustion.

Even where the *Puga* factors point toward exhaustion, a court retains discretion to excuse that requirement where administrative remedies are inadequate or inefficacious, pursuit of those remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void. *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Petitioner has not demonstrated that his appeal to the BIA will be inadequate or unavailing. Nor has Petitioner shown that the BIA lacks the authority or the practical ability to review and, if warranted, correct the immigration judge's bond ruling. As already noted, the BIA has precisely that authority, *see* 8 C.F.R. § 1003.1(d)(3), and Petitioner points to no case-specific barrier to obtaining meaningful review. *See Kithima*, 2026 WL 1078236, at *3; *Martinez*, 2025 WL 2689844, at *6.

Thus, for the foregoing reasons, the petition, Dkt. No. 1, is DISMISSED without prejudice. Considering the foregoing, any outstanding motions are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

DATED: August 3, 2026, at Honolulu, Hawai'i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge